UNITED STATES, Appellee,

v.

Staff Sergeant Steven SARTIN,
437–06–0819, United States
Army, Appellant.

ACMR 8601137.

U.S. Army Court of Military Review.

27 July 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Pamela G. Montgomery, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Byron J. Braun, JAGC, Captain Carlton L. Jackson, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

The appellant was convicted by a court-martial composed of officer and enlisted members of, *inter alia*, two specifications of violating a lawful general regulation by wrongfully engaging in social fraternization, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1982) [hereinafter the Code]. On appeal, the appellant contends that the regulation in question, Fort Gordon Regulation 600–9, para. 3a (26 April 1983) [hereinafter the regulation], is overbroad and fails to further a legitimate military purpose. We disagree.

The regulation in question prohibits social fraternization, to include sexual intercourse, between permanent party personnel and a soldier in a training status, a status defined to last until the soldier departs Fort Gordon on permanent change of station. In this case, one specification arose when the appellant had sexual intercourse with Sergeant K on the night of her graduation from her training course, prior to her signing out from the school at Fort Gordon on the following day.

The appellant does not claim that he lacked fair notice, that no prohibited act occurred, or that the regulation is ambiguous. The appellant's argument is that the regulation of the post-graduation relationship does not further a legitimate military need since there was no adverse effect from the relationship, and that the regulation makes criminal a "normally innocent" act.

The Supreme Court has recognized that the Code "regulate[s] aspects of the conduct of members of the military which in

the civilian sphere are left unregulated.... The Code ... imposes ... sanctions for conduct that in civilian life is not subject to criminal penalties...." *Parker v. Levy,* 417 U.S. 733, 749, 94 S.Ct. 2547, 2558, 41 L.Ed.2d 439 (1974). Further, the nature of the military is such that it may require limitations on conduct deemed to adversely affect discipline, "without counterpart in civilian life." *Schlesinger v. Councilman,* 420 U.S. 738, 757, 95 S.Ct. 1300, 1313, 43 L.Ed.2d 591 (1975). *See United States v. Hoard,* 12 M.J. 563, 567 n. 8 (A.C.M.R. 1981), *petition denied,* 13 M.J. 31 (C.M.A. 1981). Limitations on the relationships between permanent party personnel and soldiers assigned temporarily to a training center as trainees "are regarded as necessary at training centers to promote good order and discipline due to the likely susceptibility of trainees to improper influence from those in whose care they have been committed for duty purposes." *United States v. Moorer,* 15 M.J. 520, 521 (A.C.M. R.1983), *aff'd in part,* 16 M.J. 451 (C.M.A. 1983).

Contrary to appellant's assertion, the regulation of his association with a trainee, albeit after the graduation ceremony, does further a legitimate military need. The fact that the command was unaware of the relationship and that there was no evidence of partiality or the improper use of rank or position for personal gain is beside the point. There was no need for the Government to establish that discipline and morale were actually eroded. While the fraternization provision in question is broader in scope than most other regulations that this court has reviewed, the desirability of the proscription is determined by the commander. Although we do not abdicate our judicial responsibility, we will not second-guess his professional judgment. *Cf. United States v. Trani,* 3 C.M.R. 27 (C.M.A.1952) (the command of a superior officer is clothed with a presumption of legality, and the burden of establishing the converse devolves upon the defense).

Unlike the post regulation recently found faulty by this court in *United States v. Green,* 22 M.J. 711 (A.C.M.R.1986) (regulation prohibiting soldiers from having any alcohol in their system or on their breath during duty hours), the Fort Gordon regulation under review is directly connected with maintenance of good order and discipline and furthers a military objective without being unduly restrictive. That portion of the regulation challenged here reasonably regulates social relationships in a training environment and is justified by a compelling military interest.

We believe that both the susceptibility to improper influence and the actual improper influence are as likely to exist when the act consummating the relationship occurs at the completion of the training cycle as when it occurs during the training cycle. The appellant's relationship with a trainee was a clear violation of the specific standards set forth in the local regulation and could reasonably be expected to adversely affect discipline and authority, such as by causing a perception of partiality or favoritism during an earlier period of the training cycle.

Accordingly, the assignment of error is without merit.

The findings and the sentence are affirmed.

Judges LYMBURNER and SMITH concur.